UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENT MORRIS,

                   Plaintiff,                              MEMORANDUM AND ORDER
                                                            12 CV 5298

       -versus-

DISTRICT ATTORNEY RICHARD BROWN,
Employee of Queens County District
Attorney's Office, Individually and in his
Official Capacity,

                   Defendant.
------------------------------------------------------------X
John Gleeson, United States District Judge:

          On October 18, 2012, the Court received this *pro se* action filed pursuant to 42

U.S.C. § 1983 ("§ 1983") from plaintiff Kent Morris.[1]  Morris seeks permission to proceed *in*

*forma pauperis*, which I grant solely for the purpose of this Order.  For the reasons discussed

below, I dismiss the Complaint.

A.    *Background*

          According to the Complaint, Morris was arrested on December 3, 2003 and

arraigned on a charge of first degree rape.  Compl. ¶¶ 9-10, ECF No. 1.  He alleges that the

detectives assigned to the case failed to conduct an adequate investigation or interviews with the

complainant.  He alleges that defendant Richard Brown, the Queens County District Attorney,

continued to prosecute the case, without conducting a preliminary hearing or releasing him on

his own recognizance.  *Id.* at ¶¶ 13, 16.  Morris further alleges that District Attorney Brown

"failed to prosecute Plaintiff in a lawful manner – by allowing alleged victim not to receive

medical examination to confirm that alleged crime was commited [*sic*].  Along with allowing

---

[1]      In his Complaint, Morris indicated that he is detained at Collins Correctional Facility in Collins, New
York.  Compl. ¶1.  However, a search on the New York State Department of Correctional Services' Website
revealed that Kent Morris, DIN # 04A6675, is incarcerated at Wyoming Correctional Facility, 3203 Dunbar Road,
P.O. Box 501, Attica, New York 14011-0501.  *See* Inmate Lookup Info: http://nysdoccslookup.doccs.ny.gov/ (Last
visited 1/13/2013).

alleged victim to falsify statement about Plaintiff and alleged acts done to her." *Id.* at ¶ 37.

Attached to the Complaint are six letters that Morris sent to various persons proclaiming his innocence and seeking assistance in overturning his conviction: two letters to Ambassador Mendez at the Consulate of Belize dated July 13 and August 12, 2012 ("Letters 1, 2"); a letter to Attorney General Eric Holder dated April 23, 2012 ("Letter 3 "); two letters to President Barack Obama dated May 12 and May 19, 2012 ("Letters 4, 5 "); and a letter to John G. Roberts, Chief Justice of the Supreme Court of the United States, dated May 19, 2012 ("Letter 6"). Morris asserts "I didn't commit any crime in Queens County N.Y. No one in the U.S.A. can present any evidence to contradict the above statement." Letter 3, at 10, ECF No. 1. He also states that he was scheduled to be released from Orleans Correctional Facility on December 1, 2011 but was immediately re-arrested on a parole violation. *Id.* at 11.

Morris alleges that defendant Brown's actions deprived him of his rights to due process of law, in violation of the Fourteenth Amendment. He seeks $3 million in damages and injunctive and declaratory relief.

B.    *Discussion*

1.    *Standard of Review*

In reviewing the complaint, I am mindful that Morris is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and ellipsis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, under 28 U.S.C. § 1915A, I have the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once. *See Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

2.      *The Claim for Damages*

Morris names the Queens County District Attorney as the sole Defendant in this §

1983 action.  "It is well established that a state prosecuting attorney who acted within the scope

of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for

damages under § 1983."  *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (internal

quotation marks omitted).  "Prosecutorial immunity from § 1983 liability is broadly defined,

covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function

as an advocate."  *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation

marks and brackets omitted).  Specifically, immunity extends to deciding which offenses to

charge, initiating a prosecution, presenting the case at trial, and evaluating and organizing

evidence for presentation at trial or to a grand jury.  *Id.*  Absolute immunity for prosecutorial acts

can be defeated only if the prosecutor is alleged to have acted in the complete absence of

jurisdiction.  *Shmueli*, 424 F.3d at 237.

Each of the claims Morris asserts against Brown involves the District Attorney's

role as prosecutor.  Brown brought and maintained the charges against Morris and decided what

evidence to present, including the testimony elicited from the victim.  These prosecutorial

actions are immune from suit.  Accordingly, the claim against Brown for damages must be

dismissed pursuant to 28 U.S.C. § 1915A(b)(2) for failure to state a claim.

3.      *The Claims for Declaratory and Injunctive Relief*

Morris also seeks a declaration that District Attorney Brown violated his

constitutional rights and an injunction setting aside his conviction and sealing the case.  The

relief he seeks amounts to a challenge to his underlying criminal conviction.  Morris has already

filed one habeas petition in this Court challenging this same conviction.[2]  Pursuant to 28 U.S.C.

§ 2255(h), a petitioner may not receive review of a second or successive habeas petition unless

he has first received permission from the Court of Appeals to do so.  *See Liriano v. United

States*, 95 F.3d 119 (2d Cir. 1996) (per curiam).  If it was his intention to file a successive habeas

petition, Morris's request to do so must be directed to the Second Circuit Court of Appeals at 40

Foley Square, New York, NY 10007.

C.      *Conclusion*

        For the reasons set forth above, Morris's claims against District Attorney Richard

Brown are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).  Morris's request for the appointment

of *pro bono* counsel is dismissed as moot.  The Clerk is respectfully directed to enter judgment

for the defendant and to close the case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied

for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


        So ordered.

                                                    _____
                                                    JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
        January 4, 2013

---

2        On April 26, 2007, Morris filed a petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction.  This Court denied he petition on March 29, 2009.  *See Morris v. People of the State of New York*, No. 07 CV 3418, 2008 WL 850679 (E.D.N.Y. March 28. 2008).